IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JACKSON,<br><br>Petitioner,<br><br>v.<br><br>GROUNDS, Warden,<br><br>Respondent. | Case No. 1:13-cv-00588 MJS (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction. (ECF No. 10.)

**I.   BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections. On March 22, 2013, Petitioner filed the instant petition for writ of habeas corpus in this Court alleging constitutional violations with regard to a prison disciplinary proceeding in which he lost good time credits. (Pet., ECF No. 1.)

Petitioner made no mention in his petition as to whether his claims had been properly presented to the California Supreme Court. On April 29, 2013, this Court ordered Petitioner to show cause why the petition should not be dismissed for failure to

1

exhaust state remedies. Petitioner was forewarned that the failure to comply with the order would result in dismissal of his petition. (Order, ECF No. 8.) He was ordered to respond to the order to show cause within thirty days of its being served.

On May 6, 2013, Petitioner filed a response explaining that he is not well-versed in the law and did not know that he had to first exhaust his claims in the state courts. (Response, ECF No. 11.)

**II.     DISCUSSION**

**A.     Procedural Grounds to Dismiss Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." Based on the Rules Governing Section 2254 Cases, the Court will determine whether Petitioner is entitled to relief pursuant to its authority under Rule 4.

**B.     Exhaustion of State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal

1  constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
2  (9th Cir. 2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme
3  Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

As stated above, Petitioner was informed by the Court that the claims of his federal petition were unexhausted and was ordered to show cause why the petition should not be dismissed. Petitioner admits that he has not filed a petition with the California Supreme Court. The Court is considerate of Petitioner's interest in having the present case adjudicated, however this Court cannot properly hear his claims until they are presented in state court. As Petitioner has not exhausted the claims in the instant petition with the California Supreme Court, the petition must be dismissed.

Petitioner inquires as to whether his petition would be barred by the statute of limitations if he first attempts to exhaust to state remedies.  The Court is not able to provide legal advice or assistance to parties and so cannot advise Petitioner whether a re-filed petition would be barred by the statute of limitations. The Court notes only that this dismissal is without prejudice to Petitioner attempting to return to the state courts to exhaust remedies and then re-file with this Court.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that the Petition for Habeas Corpus be DISMISSED without prejudice.[1]

IT IS SO ORDERED.

Dated:   May 29, 2013                    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).